IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK S. KELLER, II, )
No. B-26460, )
      Plaintiff, )
)
vs. ) Case No. 17−cv–528-JPG
)
RANDALL COBB, and )
KALEENA GROFF, )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Mark S. Keller, II, an inmate in Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff brings claims pertaining to his prior detention at White County Jail ("Jail"). According to the Complaint, Randall Cobb, the Jail's administrator, and Kaleena Groff, the chief medical examiner, were deliberately indifferent to Plaintiff's serious medical condition (Hepatitis C and related symptoms).[1] (Doc. 1, pp. 1-5). In connection with his claims, Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff also alleges that he suffers from a seizure condition. However, Plaintiff's deliberate indifference claims focus on failure to treat Plaintiff's Hepatitis C and the symptoms associated with that condition.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint survives preliminary review under this standard.

## The Complaint

Plaintiff arrived at the White County Jail, as a pretrial detainee, on August 28, 2016. (Doc. 1, p. 4).[2] At intake, Plaintiff informed "staff" that he suffers from Hepatitis C, but the staff failed to make any notations in Plaintiff's paperwork. *Id*. On September 6, 2016, Plaintiff was

---

[2] Publically available records from the White County Circuit Court (http://www.judici.com/courts/cases/case_search.jsp?court=IL097015J) and the Illinois Department of Corrections (https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx) suggest that, at the time of the alleged constitutional violations, Plaintiff was a pretrial detainee in connection with Case No. 2016-cf-183 (charge of burglary resulting in a guilty plea on December 19, 2016) and Case No. 2016-cf-130 (charge of burglary resulting in a guilty plea on December 5, 2016).

seen by Zahib Saqib, a physician. Plaintiff informed Saqib that, since his arrival, he has suffered from seizures and from continuous pain in the stomach area. *Id.*[3] Zahib took no action. *Id.*

Plaintiff sent several medical requests and letters to the "medical officer" and "jail commander." (Doc. 1, p. 4). Plaintiff was seen by medical staff again on October 14, 2016. *Id.* At that point, Plaintiff was also suffering from incontinence. *Id.* A hepatic (liver) function panel was ordered and the blood work was completed on October 21, 2016. *Id.* The bloodwork revealed Plaintiff was indeed positive for Hepatitis C. (Doc. 1, pp. 5, 11-22). The treating physician recommended the prescription drug Harvoni and referred Plaintiff for treatment with an outside specialist (a gastroenterologist). (Doc. 1, pp. 5, 10). Plaintiff was told that the prescription would have to be approved by Cobb and by the "jail staff/medical officer" (allegations directed at the "jail staff/medical officer" appear to be directed at Groff who Plaintiff describes as the "chief medical officer/jailer" (Doc. 1, p. 2)). However, Cobb and the "jail staff/medical officer" failed to follow through. *Id.* According to the Complaint, Plaintiff did not receive the recommended treatment and/or did not receive any treatment until he was transferred to Hill Correctional Center in December 2016. (Doc. 1, p. 5). As a result, Plaintiff claims he suffered unnecessarily and his condition worsened.

Plaintiff contends that Cobb is subject to liability because (1) he is a supervisory official (Doc. 1, p. 1) and/or (2) had direct knowledge of Plaintiff's Hepatitis C status and recommended course of treatment but failed to approve the treatment and/or failed to take action in response to Plaintiff's claims that he was not receiving treatment. (Doc. 1, p. 5). Plaintiff contends that Groff was present when Plaintiff's Hepatitis C diagnosis was confirmed, but failed to follow-up with

---

[3] An inmate medical request (Exhibit A-1) indicates that on September 16, 2016, Plaintiff submitted a medical request complaining of migraines, seizures, stomach pain in the area of his liver, and a possible staph infection. (Doc. 1, p. 8).

3

the recommended course of treatment. (Doc. 1, p. 2). Plaintiff also contends he spoke with Groff in person regarding his need for medical treatment. (Doc. 1, p. 5). Groff indicated that she was trying to obtain treatment for Plaintiff but the medical providers she was required to work with did not make prisoners a priority. *Id.*

## Discussion

The Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

>**Count 1 -** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition against Groff and Cobb.

Plaintiff alleges that Groff and Cobb acted with deliberate indifference to his medical needs by failing to ensure that Plaintiff received the recommended course of treatment for his Hepatitis C diagnosis and the related pain/gastrointestinal symptoms. Specifically, Plaintiff alleges that he did not receive the prescription drug Harvoni for treatment of Hepatitis C and he was not seen by an outside specialist. The Complaint also suggests that Plaintiff may not have received any treatment until he was transferred to another prison. At this stage, the Court finds that Plaintiff has stated a plausible claim for deliberate indifference as to both Defendants.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.' " *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Courts have extended this protection to pretrial detainees under the Due Process Clause of the Fourteenth Amendment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). A plaintiff must meet an objective element and a subjective element to prove a deliberate

4

indifference claim. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). To satisfy the objective element, Plaintiff must show that he had a serious medical need. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). To satisfy the subjective element, Plaintiff must show that Defendants "were aware of [Plaintiff's] serious medical need and were deliberately indifferent to it." *McGee*, 721 F.3d at 480. This requires showing something more than negligence, but it does not require a plaintiff to prove he was literally ignored. *Roe*, 631 F.3d at 857–58. Instead, it is sufficient to "show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id*. at 858 (quoting *Greeno*, 414 F.3d at 653).

Defendants cannot be subjected to liability on the doctrine of *respondeat superior*, or vicarious liability;[4] Defendants "must actually have participated in the constitutional wrongdoing." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (citing *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989)). The denial of a grievance, standing alone, is generally not a sufficient basis for establishing liability. *See, e.g., Aguilar v. Gaston-Camara,* 2017 WL 2784561, *4 (7th Cir. 2017) (citing *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009) (the Seventh Circuit has "rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983 liability."). However, "a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition."

---

[4] To the extent that Plaintiff is attempting to hold Defendants liable for their supervisory role, his claim fails.

5

*Perez v. Fenoglio*, 792 F.3d 768, 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).[5]

Plaintiff's Hepatitis C diagnosis and related symptoms establish an objectively serious medical condition. Plaintiff has also plausibly alleged that Defendants were aware of a substantial risk to Plaintiff's health but disregarded that risk. First, the Complaint suggests that Defendants were aware of Plaintiff's medical condition but failed to provide treatment. (*See* Doc. 1, p. 2 (alleging that Groff was present when Plaintiff was diagnosed but failed to follow-through on the treatment recommendation); Doc. 1, p. 5 (alleging that Plaintiff could not receive treatment without approval from Cobb and additional action from the medical officer [Groff]; but both individuals failed to take action); *Id.* (alleging that Groff told Plaintiff she could not obtain the recommended treatment for Plaintiff because prisoners are not a priority for outside medical providers). Second, Plaintiff claims he corresponded with and/or spoke directly to Defendants regarding his diagnosis and the lack of treatment for the same, but Defendants failed to intervene on Plaintiff's behalf. (Doc. 1, p. 5).

These allegations are sufficient, at the screening stage, to state a plausible Eighth Amendment claim for deliberate indifference. Accordingly, the Complaint shall receive further review.

**Pending Motions**

Plaintiff's Motion to Appoint Counsel (Doc. 3) shall be referred to a United States Magistrate Judge for a decision.

---

[5] In *Perez,* the complaint, which was dismissed at screening, alleged that prison officials (1) obtained actual knowledge of the plaintiff's "objectively serious medical condition and inadequate medical care through [the plaintiff's] coherent and highly detailed grievances and other correspondences" and (2) failed "to exercise [their] authority to intervene on [the plaintiff's] behalf to rectify the situation, suggesting they either approved of or turned a blind eye to [the plaintiff's] allegedly unconstitutional treatment." *Perez,* 792 F.3d at 782. The Appellate Court concluded that such allegations warranted further review and should not have been dismissed at screening. *Id.*

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint shall receive further review as to **COBB** and **GROFF.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **COBB** and **GROFF**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion to Appoint Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate

for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**